UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANDREA MARIE MAST,

    Defendant.

_____/

Case No. 1:11-cr-37-2

HON. JANE M. BECKERING

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's pro se Motion for Sentence Reduction, 18 U.S.C. § 3582(c)(2), Pursuant to Amendment 821 (ECF No. 229). For the following reasons, the Court denies the motion.[1]

Defendant pleaded guilty to Count 5 of the Second Superseding Indictment, sexual exploitation of children, in violation of 18 U.S.C. § 2251(a) and (e). Her sentencing guidelines range was 360 months' custody (ECF No. 138 at PageID.782). On January 31, 2012, Defendant was sentenced to 360 months' imprisonment to be followed by a life term of supervised release (Minutes, ECF No. 134; Judgment of Sentence, ECF No. 136).

In August 2023, the United States Sentencing Commission submitted to Congress proposed changes to the federal sentencing guidelines, including Amendment 821, which would have retroactive effect. On November 1, 2023, when Congress failed to modify or reject Amendment 821, it became effective. Part A of Amendment 821 limits the criminal history impact of "Status

---

[1] Federal Rule of Criminal Procedure 43 requires that a defendant be present at "sentencing," *see* Rule 43(a)(3), but excludes from that requirement a proceeding that "involves the correction or reduction of sentence under … 18 U.S.C. § 3582(c)," Rule 43(b)(4).

Points" in Sentencing Guidelines § 4A. United States Sentencing Guideline (U.S.S.G.) § 4A1.1. Part B of Amendment 821 permits a two-level reduction for defendants without any criminal history points from § 4A and an instant offense without specified aggravating factors. U.S.S.G. § 4C1.1.

Defendant now seeks retroactive application of Amendment 821 to the Court's Judgment of Sentence. Pursuant to this Court's Order, the Probation Office prepared a Report of Eligibility, indicating that Defendant was not eligible for consideration of modification of sentence under 18 U.S.C. § 3582(c)(2) because she received criminal history points and did not receive status points (ECF No. 233). Defendant did not thereafter file any objection to the Report of Eligibility. The Court agrees that Defendant's guideline range would not be lowered as a result of the amendment to the guidelines. Under U.S.S.G. § 1B1.10(a)(2)(B), "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore not authorized under 18 U.S.C. § 3582(c)(2) if...an Amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." Defendant's motion fails at the first step of the analysis, and the Court does not reach the § 3553(a) factors. *See generally United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (indicating that § 3582(c) establishes a "two-step inquiry") (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)). Accordingly:

**IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Reduction, 18 U.S.C. § 3582(c)(2), Pursuant to Amendment 821 (ECF No. 229) is DENIED.

Dated: August 21, 2025   /s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge